1

2

3

4

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

6

7   UNITED STATES OF AMERICA,

8                    Plaintiff,

9            v.

10  LYNN J. OLSEN, II (1), MARK G.
    PETERSON (2), BLAKE T. BENNETT
11  (3), JEFFREY J. GORDON (4), OLSEN
    AG. INC. (5), POCO, L.L.C. (6),
12  TRI-CITIES PRODUCE, INC. (7), and
    FRED F. ACKERMAN (8),
13

14                   Defendants.

15

Nos.  CR-11-6001-EFS-1
      CR-11-6001-EFS-2
      CR-11-6001-EFS-3
      CR-11-6001-EFS-4
      CR-11-6001-EFS-5
      CR-11-6001-EFS-6
      CR-11-6001-EFS-7
      CR-11-6001-EFS-8

**ORDER GRANTING RULE 29 MOTIONS AS
TO COUNTS 2, 3, & 7**

16       On May 13 and 14, 2013, after the close of the U.S. Attorney's

17  Office's (USAO) case-in-chief, the Court considered a number of

18  Federal Rule of Criminal Procedure 29 motions filed by Defendants.

19  This Order addresses those motions pertaining to Counts 2, 3, and 7,

20  the Notice-of-Loss Claims:  Defendants' Rule 29 Motions for Judgment

21  of Acquittal Counts 2, 3, and 7, ECF No. 1142; Defendant

22  Blake Bennett's Motion for Acquittal Pursuant to Rule of Criminal

23  Procedure 29(a) and to Dismiss Counts 1-11 and Joinder in Other

24  Defense Motions, ECF No. 1144; Defendants' Motion for Judgment of

25  Acquittal on Counts 2, 3, 5, 7, and 10 (Loss Claims), ECF No. 1145;

26  Defendant Fred Ackerman's Motion for Judgment of Acquittal Pursuant to

27

28

ORDER - 1

Rule 29, ECF No. 1146; and Lynn Olsen II and Olsen Ag.'s (collectively, "Olsen Defendants") Motion for a Judgment of Acquittal on Counts 2 and 3, ECF No. 1148.    After reviewing the record and relevant authority and hearing from counsel, the Court is fully informed.    For the reasons that follow, the Court dismisses these Counts.

**A.    Standard**

Rule 29 states, in pertinent part:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.

Fed. R. Crim. P. 29(a).    The Court considers whether a reasonable jury, viewing the evidence in the light most favorable to the USAO, could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Rocha*, 598 F.3d 1144, 1157 (9th Cir. 2010).

**B.    Authority and Analysis**

Each of the Defendants charged in Counts 2, 3, and 7, which have been termed the "Notice-of-Loss Counts" in the Second Superseding Indictment (SSI), ask the Court to dismiss these Counts pursuant to Rule 29(a).    The USAO agrees that dismissal of Counts 2 and 3 against POCO is appropriate; however, the USAO opposes the remainder of the motions seeking dismissal of the Notice-of-Loss Counts.

These Notice-of-Loss Counts allege that the charged Defendants violated 18 U.S.C. § 1014 by falsely claiming loss to potatoes grown by the identified Farming Defendant in connection with an application

for the identified insurance policy.  In pertinent part, § 1014 states,

> Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of the . . . Federal Crop Insurance Corporation or a company the Corporation reinsures, . . . upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, loan, or insurance agreement or application for insurance or a guarantee, or any change or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security therefor, shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1014.  As to these Counts, the Second Superseding Indictment specifically alleges:

### COUNT 2

. . . .

> On or about October 10, 2001, within the Eastern District of Washington Defendants LYNN J. OLSEN II, MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, TRI-CITIES PRODUCE, INC., and POCO, L.L.C., knowingly made a **false statement and report** and willfully overvalued property **for the purpose of influencing the action of the Federal Crop Insurance Corporation and a company it reinsures**, to wit: American Growers Insurance Inc., in connection with an **application**, in that Defendants LYNN J. OLSEN II, MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, TRI-CITIES PRODUCE, INC., and POCO, L.L.C., falsely claimed probable loss to potatoes grown by LYNN J. OLSEN II and OLSEN AG, INC., all on Claim No. 01-0098 on American Growers Insurance Policy No. MP-486601, when in truth and in fact Defendants LYNN J. OLSEN II, MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, TRI-CITIES PRODUCE, INC., and POCO, L.L.C., well knew no such probable loss had occurred and no such probable loss was likely to occur, all in violation of 18 U.S.C. § 1014 and 18 U.S.C. § 2.

> ///

COUNT 3

. . . .

On or about January 22, 2002, within the Eastern District of Washington Defendants LYNN J. OLSEN II,  MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN,  TRI-CITIES PRODUCE, INC., and POCO LLC, knowingly made a **false statement and report** and willfully overvalued property for the purpose of **influencing the action of the Federal Crop Insurance Corporation and a company it reinsures**, to wit: American Growers Insurance, Inc., in connection with an **application**, in that Defendants LYNN J. OLSEN II,  MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, TRI-CITIES PRODUCE, INC., and POCO, L.L.C., falsely claimed that LYNN J. OLSEN II suffered a heat loss and a market loss, all on Claim No. 01-0142 on American Growers Insurance Policy No. MP-560788, when in truth and in fact Defendants LYNN J. OLSEN II,  MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, TRI -CITIES PRODUCE, INC., and POCO, L.L.C. well knew no such heat loss had occurred and no such market loss had occurred, all in violation of 18 U.S.C. § 1014 and 18 U.S.C. § 2.

COUNT 7

. . . .

On or about January 28, 2004, within the Eastern District of Washington, Defendants MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, TRI-CITIES PRODUCE, INC., and POCO LLC, knowingly made a **false statement and report** and willfully overvalued property **for the purpose of influencing the action of the Federal Crop Insurance Corporation and companies it reinsures**, to wit: Farmers Crop Insurance Alliance, Inc. and North Central Crop Insurance, Inc., in connection with an **application**, in that Defendants MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, TRI-CITIES PRODUCE, INC., and POCO, L.L.C., falsely claimed a loss on insurance claim number 46-00423-1 on North Central Crop Insurance Policy No. 46-801-0011315, when in truth and in fact Defendants  MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, TRI-CITIES PRODUCE, INC., and POCO, L.L.C., well knew there had been no such loss, all in violation of 18 U.S.C. § 1014 and 18 U.S.C. § 2.

ORDER - 4

ECF. No. 889 (emphasis added).

As the above-bolded language highlights, the USAO chose to use specific terms from § 1014, including "false statement or report . . . for the purpose of influencing in any way the action of [the identified agency" upon any "application." Hence, the gist of the Defendants' related motions on Counts 2, 3, and 7 focus on those words. Regrettably, neither party has cited a case directly on point; there seems to be no precedent holding that this language covers a Notice of Probable Loss, or Notice of Loss, which is required under a crop insurance policy to preserve a claim for covered losses filed after the crop has been harvested and the existence or non-existence of a loss can be determined. The issue is whether these Notice of Losses are "applications" as used in the statute (and SSI) and whether they are false claims as stated in the SSI. The Court holds they are not "applications" and they are not "claims" and accordingly, dismisses Counts 2, 3, and 7.

The testimony of Mr. Hoffman, National Director of Products, Administration and Standards with the Risk Management Agency, is in pertinent part:

> Q:  So the industry standard and practice is to tell the farmer, put in a notice any time there's a possibility of a problem that may develop. Correct?"
> A.  Correct.

Hoffman Tr. Test., ECF No. 1141 at 29.

> Q:  But the farmer sending in this notice that, I may have a problem, is not itself a claim. Correct?
> A:  Correct.

*Id.* Viewing the evidence taken in a light most favorable to the USAO on this issue, the Court holds that the Notices of Loss in Counts 2, 3, and 7 are not "claims".

Further, by using the phrase "in connection with an application", the USAO narrowed the charging language in the statute. It advisedly chose not to use any other language following that term such as "in connection with an insurance agreement." Defendants argue persuasively that these Notices of Loss are obviously not "upon an application" as the application for insurance had already been filed and a policy issued in each of these instances. Accordingly, these could not be construed as "applications." As defined in any number of dictionaries "application" is generally held to mean, "a request." *See* Black's Law Dictionary (8th ed. 1999).

Finally, the Court notes that the Notice of Loss form does not contain any advisory that criminal prosecution may follow if the information in the Notice is false. *Cf.* Tr. Ex. 16 ("I certify the information provided above, to the best of my knowledge to be true and complete and that it will be used to determine my loss, if any, to my insured crops. I understand that this Production Worksheet and supporting papers are subject to audit and approval by the company. I understand that this crop insurance is subsidized and reinsured by the Federal Crop Insurance Corporation, an agency of the United States. I understand that any false or inaccurate information may result in the sanctions outlined in my policy and administrative, civil, and criminal sanctions . . . .").

**C.    Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED:**

1.    Defendants' Rule 29 Motions for Judgment of Acquittal Counts 2, 3, and 7, **ECF No. 1142**, is **GRANTED**.

2.    Defendant Bennett's Motion for Acquittal Pursuant to Rule of Criminal Procedure 29(a) and to Dismiss Counts 1-11 and Joinder in Other Defense Motions, **ECF No. 1144**, is **GRANTED IN PART** (Counts 2, 3, and 7).

3.    Defendants' Motion for Judgment of Acquittal on Counts 2, 3, 5, 7, and 10 (Loss Claims), **ECF No. 1145**, is **GRANTED IN PART** (Counts 2, 3, and 7).

4.    Defendant Ackerman's Motion for Judgment of Acquittal Pursuant to Rule 29, **ECF No. 1146**, is **GRANTED IN PART** (Counts 2, 3, and 7).

5.    The Olsen Defendants' Motion for a Judgment of Acquittal on Counts 2 and 3, **ECF No. 1148**, is **GRANTED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 14th  day of May 2013.

s/ Edward F. Shea    .
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Criminal\2011\6001.R.29motions.2.3.7.1c1.docx

ORDER - 7