UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>LYNN J. OLSEN, II (1), MARK G. PETERSON (2), BLAKE T. BENNETT (3), JEFFREY J. GORDON (4), OLSEN AG. INC. (5), POCO, L.L.C. (6), TRI-CITIES PRODUCE, INC. (7), and FRED F. ACKERMAN (8),<br><br>                    Defendants. | Nos.  CR-11-6001-EFS-1<br>       CR-11-6001-EFS-2<br>       CR-11-6001-EFS-3<br>       CR-11-6001-EFS-4<br>       CR-11-6001-EFS-5<br>       CR-11-6001-EFS-6<br>       CR-11-6001-EFS-7<br>       CR-11-6001-EFS-8<br><br>**ORDER MEMORIALIZING THE COURT'S ORAL RULINGS ON DEFENDANTS' RULE 29 MOTIONS FOLLOWING CLOSE OF THE USAO'S CASE-IN-CHIEF** |
|---|---|

     On May 13 and 14, 2013, after the close of the U.S. Attorney's Office's (USAO) case-in-chief, the Court considered a number of Federal Rule of Criminal Procedure 29 motions filed by Defendants. The Court reviewed the evidence and relevant authority and heard oral argument. This Order supplements and memorializes the Court's oral rulings on the outstanding[1] Rule 29 motions: Defendant Jeffrey Gordon's Motion for Judgment of Acquittal as to Count 6, ECF No. 1143; Defendant Blake Bennett's Motion for Acquittal Pursuant to Rule of Criminal Procedure 29(a) and to Dismiss Counts 1-11 and Joinder in

---

[1] The Court previously ruled on the Rule 29 motions pertaining to Counts 2, 3, and 4.  ECF No. 1167.

ORDER - 1

Other Defense Motions, ECF No. 1144; Defendants' Motion for Judgment of Acquittal on Counts 2, 3, 5, 7, and 10 (Loss Claims), ECF No. 1145; Defendant Fred Ackerman's Motion for Judgment of Acquittal Pursuant to Rule 29, ECF No. 1146; Defendants' Motion to Dismiss Count 11, ECF No. 1147; the Lynn Olsen, II and Olsen Ag. Inc.'s ("Olsen Defendants") Motion for a Judgment of Acquittal on Counts 5 and 10, ECF No. 1149; and Defendants' Motion for Judgment of Acquittal on Counts 4, 6, 8, and 9, ECF No. 1154.

**A.   Legal Standard**

Rule 29 states, in pertinent part:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.

Fed. R. Crim. P. 29(a). The court considers whether a reasonable jury, viewing the evidence in the light most favorable to the government, could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Rocha*, 598 F.3d 1144, 1157 (9th Cir. 2010).

**B.   Authority and Analysis**

   1.   <u>Counts 4, 6, 8, and 9:  AGR-Expected-Value Counts</u>

Defendants are charged with violating 18 U.S.C. § 1014, or aiding and abetting its commission, in Counts 4, 6, 8, and 9 in connection with the Annual Gross Revenue (AGR) crop insurance obtained by the identified Farming Defendant for that particular year. The Defendants, who are charged in Counts 4, 6, 8, and 9 -- the "AGR-Expected-Value Counts" -- seek dismissal of these Counts under Rule

ORDER - 2

29(a).  The USAO agrees to dismiss Count 4 as to Defendant Olsen Ag, because Olsen Ag did not exist at the date identified in Count 4, but opposes dismissing these Counts as to the other charged Defendants.

As to these AGR-Expected-Value Counts, the Second Superseding Indictment (SSI) states:

> COUNT 4
>
> . . . .
>
> On or about January 23, 2002, within the Eastern District of Washington[,] Defendants, LYNN J. OLSEN II, MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, OLSEN AG, INC., and TRI-CITIES PRODUCE, INC., knowingly made a false statement and report and willfully overvalued property for the purpose of influencing the action of the Federal Crop Insurance Corporation and a company it reinsures, to wit: American Growers Insurance Inc., in connection with an application, in that Defendants LYNN J. OLSEN II, MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, OLSEN AG, INC., and TRI-CITIES PRODUCE, INC., falsely overvalued potatoes grown by LYNN J. OLSEN II and OLSEN AG, INC., all on American Growers Insurance Policy No. MP 560788, when in truth and in fact Defendants LYNN J. OLSEN II, MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, OLSEN AG, INC., and TRI-CITIES PRODUCE, INC., well knew the price that would be paid by BLAKE T. BENNETT , TRI-CITIES PRODUCE, INC., and MARK G. PETERSON would be less than the amount claimed, all in violation of 18 U.S.C. § 1014 and 18 U.S.C. § 2.
>
> . . . .
>
> COUNT 6
>
> . . . .
>
> On or about January 31, 2003, within the Eastern District of Washington[,] Defendants JEFFREY J. GORDON, BLAKE T. BENNETT, FRED F. ACKERMAN, and TRI-CITIES PRODUCE, INC., knowingly made a  false statement and report and willfully overvalued property for the purpose of influencing the action of the Federal Crop Insurance Corporation and companies it reinsures, to wit:  Farmers Crop Insurance Alliance, Inc. and North Central Crop Insurance, Inc., in connection with an application, in that Defendants JEFFREY J. GORDON, BLAKE T. BENNETT, FRED F. ACKERMAN, and TRI-

CITIES PRODUCE, INC., falsely overvalued potatoes grown by JEFFREY J. GORDON, all on North Central Crop Insurance Policy No. 46-801-0011312, when in truth and in fact Defendants JEFFREY J. GORDON, BLAKE T. BENNETT, FRED F. ACKERMAN, and TRI-CITIES PRODUCE, INC., well knew the price that would be paid by BLAKE T. BENNETT and TRI-CITIES PRODUCE, INC., would be less than that claimed, all in violation of 18 U.S.C. § 1014 and 18 U.S.C. § 2.

. . . .

COUNT 8

. . . .

On or about January 30, 2004, within the Eastern District of Washington, Defendants MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, POCO, L.L.C., and TRI-CITIES PRODUCE, INC., knowingly made a false statement or report or willfully overvalued property for the purpose of influencing the action of the Federal Crop Insurance Corporation and a company it reinsures, to wit: Farmers Crop Insurance Alliance, Inc., in connection with an application, in that Defendants MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, TRI-CITIES PRODUCE, INC., and POCO, L.L.C., falsely overvalued potatoes grown by MARK G. PETERSON and POCO, L.L.C., all on Farmers Crop Insurance Alliance Policy No. 46-801-001135, when in truth and in fact Defendants MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, TRI-CITIES PRODUCE, INC., and POCO, L.L.C., well knew the price that would be paid by BLAKE T. BENNETT and TRI-CITIES PRODUCE, INC. would be less than that claimed, all in violation of 18 U.S.C. § 1014 and 18 U.S.C. § 2.

COUNT 9

. . . .

On or about January 30, 2004, within the Eastern District of Washington, Defendants LYNN J. OLSEN II, BLAKE T. BENNETT, FRED F. ACKERMAN, OLSEN AG, INC., and TRI-CITIES PRODUCE, INC., knowingly made a false statement or report or willfully overvalued property for the purpose of influencing the action of the Federal Crop Insurance Corporation and a company it reinsures, to wit: Farmers Crop Insurance Alliance, Inc., in connection with an application, in that Defendants LYNN J. OLSEN II, BLAKE T. BENNETT, FRED F. ACKERMAN, and TRI-CITIES PRODUCE, INC., falsely overvalued potatoes grown by LYNN J. OLSEN II and OLSEN AG, INC., all on Farmers Crop Insurance Alliance Policy No. 53-801-7011316, when in truth and in fact

> Defendants LYNN J. OLSEN II, BLAKE T. BENNETT, FRED F. ACKERMAN, OLSEN AG, INC., and TRI-CITIES PRODUCE, INC., well knew the price that would be paid by BLAKE T. BENNETT and TRI-CITIES PRODUCE, INC. would be less than that claimed, all in violation of 18 U.S.C. § 1014 and 18 U.S.C. § 2.

ECF No. 889.

At trial, the USAO introduced the identified Farming Defendants' Annual Farm Report for each of these specified crop years. The USAO contends the identified Farming Defendants overvalued the revenue expected to be received for the potatoes grown for that particular crop year on the Annual Farm Report. *See* Tr. Ex. 36 for Count 6; Tr. Ex. 59 for Count 8; Tr. Ex. 64 for Count 9. The USAO posits that overvaluing occurred because the Farming Defendants knew that they would receive the minimum price specified in the processing contracts, rather than an open market price, for the potatoes sent to Defendant Tri-Cities Produce because the potatoes grown pursuant to the processing contract could not meet the specified quality requirements.

When viewing the evidence in the light most favorable to the USAO, the Court finds no rational juror could find the charged Defendants guilty of Counts 6, 8, and 9. The relevant AGR Handbook required to-be-insureds to utilize an estimated objective open market price if selling potatoes not subject to a fixed-price contract. *See* Tr. Ex. 154 ("Expected Value: Enter the average expected value (contracted value if produced under a contract with a specified price) of the agricultural commodity in the unit of measure which it is marketed (tons, cwt., bu, lbs, etc.)"). The two-tier pricing mechanism contained in the subject potato processing contracts at

ORDER - 5

issue in Counts 6, 8, and 9 are not fixed-price contracts. Therefore, the Farming Defendants were required by the AGR Handbook to estimate an objective open market price for the to-be-sold potatoes. There was no evidence submitted that the estimated values for the to-be-sold potatoes listed by the Farming Defendants on these Annual Farm Reports were inconsistent with the open market prices that would be estimated during these relevant time periods. Accordingly, the Court dismisses Counts 6, 8, and 9.

However, because the potato processing contract underlying Count 4 does not clearly specify whether the potatoes that satisfied the specified quality requirements would be sold at an open market price, the Court concludes there is sufficient evidence to permit Count 4 to proceed as to Defendant Olsen, Defendant Peterson, Defendant Bennett, Defendant Tri-Cities Produce, and Defendant Ackerman.

2.   Counts 5 and 10: Source-of-Loss Counts

Defendants ask the Court to dismiss Counts 5 and 10. Counts 5 and 10 allege that Defendants violated § 1014 by falsely claiming damage to potatoes. The Court concludes there is sufficient evidence that the Farming Defendants falsely claimed damage to the potatoes grown subject to the identified crop insurance policies, and that the other charged Defendants aided and abetted the same. Accordingly, the Court denies Defendants' Rule 29 motions as to Counts 5 and 10.

3.   Count 11 (Mail Fraud)

All Defendants charged in Count 11 ask the Court to dismiss Count 11 pursuant to Rule 29(a).  Count 11 charges:

ORDER - 6

Beginning at a date unknown to the Grand Jury but by on or about November 20, 2000, and ending on a date unknown to the Grand Jury but by on or about October 31, 2007, in the Eastern District of Washington, Defendants LYNN J. OLSEN II, MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, TRI-CITIES PRODUCE INC., and POCO L.L.C., with the intent to defraud, devised and willfully participated in, with knowledge of its fraudulent nature, the above-described scheme and artifice to defraud and obtain money and property by materially false and fraudulent pretenses, representations, and promises.

On or between January 16, 2006, and January 20, 2006, in the Eastern District of Washington and elsewhere, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and deprive, Defendants LYNN J. OLSEN II, MARK G. PETERSON, BLAKE T. BENNETT, FRED F. ACKERMAN, OLSEN AG, INC., TRI-CITIES PRODUCE INC., and POCO L.L.C. knowingly caused to be delivered by mail and a private and commercial interstate carrier at the place at which it was directed to be delivered by the person to whom it was addressed the following matter: a crop insurance indemnity check for $1,907,607.00 on Farmers Crop Insurance Alliance, Inc., Policy No. 46-801-7011315, on Claim No.46-09024-2, all in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 2.

In order to prove a violation of § 1341, the USAO must establish the following:  1) Defendants knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises; 2) Defendants knew the pretenses, representations, or promises were false or fraudulent; 3) those false or fraudulent pretenses, representations, or promises were material to the scheme or plan; 4) Defendants acted with the intent to defraud; and 5) Defendants used, or caused to be used, the mail or a private and commercial interstate carrier to deliver the at-issue crop-insurance

ORDER - 7

indemnity check.  Based on the evidence presented at trial, the Court finds that no reasonable juror could find that the presented evidence supports a conviction of the charged Defendants under Count 11.  The evidence establishes that the crop-insurance company and Risk Management Agency (RMA) had access to the relevant documents pertaining to processing contracts, production, yield, and price information, and the insurance records.  Defendants were aware that the crop-insurance company and RMA had access to such documentation and in fact provided information and documentation upon request. Under the circumstances, no reasonable juror could find that Defendants knowingly and intentionally caused a fraudulent, *material* crop-insurance indemnity check to be mailed.  Accordingly, Defendants' motions seeking dismissal of Count 11 are granted.

    4.   <u>Count 12</u>

Defendant Ackerman asks the Court to dismiss Count 12 under Rule 29(a).  Count 12 alleges:

> On or about December 28, 2010, FRED F. ACKERMAN, did willfully and knowingly make and cause to be made materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of a department or agency of the United States by stating to United States Department of Agriculture Office of Inspector General Special Agent Steven Tillotson that as a crop insurance agent he, FRED F. ACKERMAN, did not provide information related to any specific loss claims of his crop insurance clients to crop insurance loss adjusters.  FRED F. ACKERMAN made the statements and representations at 8831 W. 1st Avenue, Kennewick, Washington, in the Eastern District of Washington. The statements and representations were false because, as FRED F. ACKERMAN then and there knew, he had, on multiple occasions, provided information related to specific loss claims of his crop insurance clients to crop insurance loss adjusters to wit: FRED F. ACKERMAN, on multiple occasions, provided information

ORDER - 8

>      relating to specific crop insurance loss claims made by his
>      crop insurance clients, the Farming Conspirators, to crop
>      insurance loss adjusters, all in violation of 18 U.S.C. §
>      1001.

Defendant Ackerman served as a crop insurance agent for many years, assisting Defendants Olsen, Olsen Ag, Peterson, POCO, Bennett, and Tri-Cities Produce with obtaining insurance and indemnity payments thereon. In 2011, Agent Tillotson interviewed Defendant Ackerman to determine what role Defendant Ackerman played in the suspected conspiracy. The USAO contends that Defendant Ackerman's alleged statement to Agent Tillotson that he "did not provide information related to any specific loss claims of his crop insurance clients to crop insurance loss adjusters," ECF No. 889 at 23, was materially misleading to the government's investigation.

After considering the evidence in the light most favorable to the USAO, the Court finds no reasonable juror could find Defendant Ackerman guilty of this charged 18 U.S.C. § 1001 offense. Agent Tillotson began investigating this suspected conspiracy in 2004. When Agent Tillotson interviewed Defendant Ackerman in 2011, Agent Tillotson had access to, and had reviewed, the insurance records obtained from the relevant insurance companies and the RMA, as well as documents received from Defendants pursuant to grand jury subpoenas. These records, including Trial Exhibit 77, identified and documented Defendant Ackerman's involvement in the insurance process, including providing insurance company adjusters with specific information related to specific loss claims. Also, the insurance records, and trial testimony, show that at no time did an insurance adjuster notify

Defendant Ackerman, or Conover Insurance, that Defendant Ackerman's contacts with adjusters violated insurance policies. Therefore, given the evidence presented in the USAO's case-in-chief, the Court finds no rational juror could find that Defendant Ackerman's statement to Agent Tillotson violated § 1001. Defendant Ackerman's motion to dismiss is granted in this regard.

    5.   Count 1

Count 1 charges each Defendant with conspiring to defraud the United States. At the close of the USAO's case-in-chief, the Court determines, when viewing the evidence in the light most favorable to the government, that the admitted evidence is sufficient to sustain a conviction. Accordingly, Defendants' motions are denied in regard to Count 1.

**C.   Conclusion**

For the reasons given above, **IT IS HEREBY ORDERED**:

1. Defendant Gordon's Motion for Judgment of Acquittal as to Count 6, **ECF No. 1143**, is **GRANTED.**

2. The remainder of Defendant Bennett's Motion for Acquittal Pursuant to Rule of Criminal Procedure 29(a) and to Dismiss Counts 1-11 and Joinder in Other Defense Motions, **ECF No. 1144**, is **GRANTED IN PART** (Counts 6, 8, 9, and 11) **and DENIED IN PART** (Count 1, 4, 5, and 10).

3. The remainder of Defendants' Motion for Judgment of Acquittal on Counts 2, 3, 5, 7, and 10 (Loss Claims), **ECF No. 1145**, is **DENIED** (Counts 5 and 10).

ORDER - 10

4. The remainder of Defendant Ackerman's Motion for Judgment of Acquittal Pursuant to Rule 29, **ECF No. 1146**, is **GRANTED IN PART** (Counts 6, 8, 9, and 11) **and DENIED IN PART** (Count 1, 4, 5, and 10).

5. Defendants' Motion to Dismiss Count 11, **ECF No. 1147**, is **GRANTED**.

6. The Olsen Defendants' Motion for a Judgment of Acquittal on Counts 5 and 10, **ECF No. 1149**, is **DENIED**.

7. Defendants' Motion for Judgment of Acquittal on Counts 4, 6, 8, and 9, **ECF No. 1154**, is **GRANTED IN PART** (Counts 6, 8, and 9) **and DENIED IN PART** (Count 4).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 9th day of July 2013.

                    ____s/ Edward F. Shea_____
                         EDWARD F. SHEA
                Senior United States District Judge

Q:\EFS\Criminal\2011\Olsen\6001.R.29motions.lc1.docx

ORDER - 11