UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LYNN J. OLSEN, II (1), MARK G. PETERSON (2), BLAKE T. BENNETT (3), JEFFREY J. GORDON (4), OLSEN AG, INC. (5), POCO, L.L.C. (6), TRI-CITIES PRODUCE, INC. (7), and FRED F. ACKERMAN (8),<br><br>　　　　　　Defendants. | Nos.　CR-11-6001-EFS-1<br>　　　　CR-11-6001-EFS-2<br>　　　　CR-11-6001-EFS-3<br>　　　　CR-11-6001-EFS-4<br>　　　　CR-11-6001-EFS-5<br>　　　　CR-11-6001-EFS-6<br>　　　　CR-11-6001-EFS-7<br>　　　　CR-11-6001-EFS-8<br><br>**ORDER RULING ON THE POST-EVIDENCE RULE 29 MOTIONS, GRANTING THE USAO'S RULE 48 MOTION TO DISMISS, AND STRIKING ALL DATES AND DEADLINES** |

　　　The jury trial in this matter began on April 15, 2013, on the counts alleged in the Second Superseding Indictment, ECF No. 889: Counts 1-12. At the close of the U.S. Attorney's Office's (USAO) case, the Court dismissed Counts 2, 3, 6, 7, 8, 9, 11, and 12 pursuant to Defendants' Federal Rule of Criminal Procedure 29 motions. ECF Nos. 1167 & 1263.[1] Thereafter, Defendants presented evidence as to the remaining counts, and the USAO completed its rebuttal evidence

---

[1] In its July 9, 2013 Order, ECF No. 1263, the Court inadvertently failed to identify that it granted Defendants' Motion for Judgment of Acquittal on Count 11/Mail Fraud, ECF No. 1153. For the reasons identified in the July 9, 2013 Order and as stated on the record, Defendants' motion, ECF No. 1153, is granted.

ORDER - 1

presentation on May 22, 2013.  On May 23, 2013, the Court considered a number of Rule 29 motions filed by Defendants: 1) Defendants Mark Peterson and POCO, L.L.C.'s (POCO) Motion for Judgments of Acquittal on Counts 1, 4, and 5, and to Strike or Withdraw Portions of Count 1, ECF No. 1202; 2) Defendants Tri-Cities Produce, Inc. (TCP) and Blake Bennett's Motion for Judgment of Acquittal Pursuant to Rule of Criminal Procedure 29(a) and to Dismiss Counts 1, 4, 5, and 10, Joinder in Other Defense Motions, and Renewal of Motion to Dismiss Because Prosecution is Barred by Statute of Limitations, ECF No. 1203; 3) Defendants' Motion for Judgment of Acquittal on Counts 4, 5, and 10, ECF No. 1204; 4) Defendant Fred Ackerman's Motion for Judgment of Acquittal Pursuant to Federal Rules of Criminal Procedure 29 on Counts 1, 4, 5, and 10, ECF No. 1205; and 5) Defendant Jeffrey J. Gordon's Motion for Judgment of Acquittal, ECF No. 1206.  The Court considered the evidence and relevant Rule 29 standards and heard oral argument. For the reasons stated on the record, the Court denied all motions, except the Court 1) granted Defendant POCO's motion to dismiss Count 5, and 2) reserved ruling on Defendant Ackerman's and Defendant Gordon's Rule 29 motions.

On June 5, 2013, the jury returned a "Not Guilty" verdict as to all Defendants charged in Count 4.  ECF No. 1249.  The jury was unable to reach a decision as to Counts 1, 5, and 10, and the Court declared a mistrial on these three Counts.  ECF Nos. 1249 & 1257.  On June 18, 2013, the USAO gave notice that it did not intend to retry the Defendants as charged in Counts 1, 5, and 10.  ECF Nos. 1258 & 1259.

ORDER ~ 2

And on June 19, 2013, the USAO filed a Motion for Dismissal without Prejudice, ECF No. 1260, as to Counts 1, 5, and 10.  On June 27, 2013, Defendant Gordon filed a Renewed Motion for Judgment of Acquittal or in the Alternative Dismissal with Prejudice, ECF No. 1261.  Having considered the evidence and arguments presented and the relevant authority, the Court is fully informed.  For the reasons that follow, the Court grants Defendants Gordon's and Ackerman's[2] reserved motions for judgment of acquittal and grants the USAO's motion to dismiss as to the other Defendants.

**A.   Defendants Gordon's and Ackerman's Rule 29 Motions**

Rule 29 states, in pertinent part, "[A]fter the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a); *see United States v. Talbert*, 710 F.2d at 530 (9th Cir. 1983).  The court considers whether a reasonable jury, viewing the evidence in the light most favorable to the government, could find the defendant guilty beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Rocha*, 598 F.3d 1144, 1157 (9th Cir. 2010).  The government's direct and circumstantial evidence need not exclude every reasonable possibility consistent with innocence.  *Talbert*, 710 F.2d at 530.

---

[2] The Court grants Defendant Ackerman's Rule 29 motion as to Counts 1, 5, and 10, and denies as moot the motion as to Count 4 given that the jury found Defendant Ackerman not guilty on Count 4.

ORDER - 3

After fully considering the evidence presented at trial in the light most favorable to the USAO, the Court determines it must grant Defendant Ackerman's Motion for Judgment of Acquittal Pursuant to Federal Rules of Criminal Procedure 29 on Counts 1, 4, 5, and 10, ECF No. 1205; Defendant Gordon's Motion for Judgment of Acquittal, ECF No. 1206; and Defendant Gordon's Renewed Motion for Judgment of Acquittal or in the Alternative Dismissal with Prejudice, ECF No. 1261.

As to Defendant Ackerman, there was no evidence presented from which a reasonable juror could find that Defendant Ackerman conspired or aided and abetted the conspiracy alleged in Count 1, or aided and abetted the false statements alleged in Counts 5 and 10.  No reasonable juror could find that Defendant Ackerman's statements and actions were other than those that could be lawfully taken by a crop insurance agent on behalf of his insureds.  There is no direct or circumstantial evidence that Defendant Ackerman knowingly assisted the alleged conspiracy or the alleged willful overvaluing of potatoes. For these reasons, the Court grants Defendant Ackerman's Rule 29 motion and dismisses Counts 1, 5, and 10 as to him.

The Court also finds the evidence presented as to Defendant Gordon is insufficient to sustain a conviction against him as to Count 1: the only count remaining as to Defendant Gordon.  No direct or circumstantial evidence was presented from which a reasonable juror could find Defendant Gordon guilty of the alleged conspiracy to defraud the United States or to influence the action of the Federal Crop Insurance Corporation (FCIC) or an insurance company reinsured by

ORDER - 4

FCIC. The evidence showed that Defendant Gordon grew a variety of crops and that, as a result, he was unable to have an insurable potato loss until he suffered a revenue loss as to all of his other crops. There was no evidence that Defendant Gordon anticipated, controlled, or manipulated the loss he suffered to his non-potato crops. Accordingly, after considering all of the evidence presented at trial in the light most favorable to the USAO, the Court grants Defendant Gordon's Rule 29 motions. Count 1 is dismissed as to Defendant Gordon.

**B.    The USAO's Motion to Dismiss Without Prejudice**

The USAO seeks leave of court to dismiss the Second Superseding Indictment without prejudice as to the remaining counts: Counts 1, 5, and 10. ECF No. 1260. Based on the record before the Court at this time, the Court determines the USAO's motion to dismiss Counts 1, 5, and 10 without prejudice as to the remaining Defendants is made in good faith. *See United States v. Hayden*, 860 F.2d 1483, 1487-88 (9th Cir. 1988). Leave of Court is given to dismiss Counts 1, 5, and 10 as to Defendants Olsen, Peterson, Bennett, Olsen Ag., Inc., POCO, and TCP. The Court otherwise makes no judgment as to the merit or wisdom of this dismissal.

**C.    Conclusion**

For these above-given reasons, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Judgment of Acquittal on Count 11/Mail Fraud, **ECF No. 1153**, is **GRANTED**.

ORDER - 5

2. Defendants Peterson and POCO's Motion for Judgments of Acquittal on Counts 1, 4 and 5, and to Strike or Withdraw Portions of Count 1, **ECF No. 1202**, is **GRANTED IN PART** (Count 5 as to POCO) **and DENIED IN PART** (remainder).

3. Defendants TCP and Bennett's Motion for Judgment of Acquittal Pursuant to Rule of Criminal Procedure 29(a) and to Dismiss Counts 1, 4, 5, and 10, Joinder in Other Defense Motions, and Renewal of Motion to Dismiss Because Prosecution is Barred by Statute of Limitations, **ECF No. 1203**, is **DENIED**.

4. Defendants' Motion for Judgment of Acquittal on Counts 4, 5, and 10, **ECF No. 1204**, is **DENIED**.

5. Defendant Ackerman's Motion for Judgment of Acquittal Pursuant to Federal Rules of Criminal Procedure 29 on Counts 1, 4, 5, and 10, **ECF No. 1205**, is **GRANTED IN PART** (Counts 1, 5, and 10) **and DENIED AS MOOT IN PART** (Count 4).

6. Defendant Gordon's Motion for Judgment of Acquittal, **ECF No. 1206**, is **GRANTED**.

7. The USAO's Motion for Dismissal without Prejudice, **ECF No. 1260**, is **GRANTED**.

8. Defendant Gordon's Renewed Motion for Judgment of Acquittal or in the Alternative Dismissal with Prejudice, **ECF No. 1261**, is **GRANTED**.

9. Count 1 is **DISMISSED** with prejudice as to Defendant Gordon.

10. Counts 1, 5, and 10 are **DISMISSED** with prejudice as to Defendant Ackerman.

11. Counts 1, 5, and 10 are **DISMISSED** without prejudice as to Defendants Olsen, Peterson, Bennett, Olsen Ag., POCO, and TCP.

12. All pending motions, deadlines, hearing, and trial dates are **STRICKEN**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to counsel and the U.S. Probation Office.

**DATED** this 12th day of July 2013.


　　　　　　　　　　　　　_____s/Edward F. Shea_____
　　　　　　　　　　　　　　　　　EDWARD F. SHEA
　　　　　　　　　　　Senior United States District Judge